The Honorable John A. Eason State Representative 333 Lee 236 Marianna, AR 72360
Dear Representative Eason:
I am writing in response to your request for my opinion on a question submitted on behalf of a constituent who feels a deputy public defender in the First Judicial District might face a conflict of interests in representing criminal defendants. You report the following facts:
 Deputy Public Defender Blake Spears is a member of the law firm of the City Attorney's Office who prosecutes the criminal cases for the City of Marianna. He is also a Deputy Public Defender to the Trial Public Defender, Dan McGill, for the First Judicial District of Arkansas, who represents those defendants.
To clarify somewhat, the materials you have provided in support of your request establish that both Mr. Spears and the Marianna City Attorney are members of the same private Marianna law firm, not of the city attorney's office. Although the procedural background is not entirely clear from the records you have supplied, it appears that Mr. Spears was initially appointed to represent a single defendant/appellant in two criminal appeals in Lee County Circuit Court. Both of the circuit court judges presiding over these appeals apparently replaced Mr. Spears with Mr. McGill based on a determination that Mr. Spears faced a conflict in that he and the city attorney who prosecuted your constituent are associated with the same private firm. My inquiries reveal that one of the two appeals is still pending.
Against this backdrop, you have posed a question I will paraphrase as follows:
 Does a conflict of interests exist when a deputy public defender representing a client in a criminal matter is a member of the same private law firm as the city attorney prosecuting the case?
RESPONSE
I must respectfully decline to answer your question, which apparently seeks to clarify your constituent's legal status in a matter that my inquiries reveal is still pending in the judicial system. As a matter of policy, this executive office has long avoided opining on matters that are the subject of pending litigation.
I am likewise unable to provide a blanket answer to the general question of whether a public defender may represent a client in a criminal action prosecuted by the public defender's private law partner.[1] I will merely note that the court, subject to the approval of the Arkansas Public Defender Commission, see A.C.A. § 16-87-203(a)(6) (Supp. 2001), currently has the discretion to disqualify a public defender based on a factual determination that he faces a conflict of interests. A.C.A. §16-87-307(a) (Supp. 2001). For the reasons stated above, I am disinclined to second-guess the recent disposition of this issue by two circuit court judges.
Furthermore, in accordance with Ark. Const. amend. 28, the Supreme Court Committee on Professional Responsibility is authorized to interpret and to apply the Model Rules of Professional Conduct, which currently set forth the ethical obligations of attorneys in this state.[2] In my opinion, your constituent should address any general concern he might have regarding the situation in Marianna to the Committee, not to this office. See Myers v. Muuss, 281 Ark. 188, 193-94, 662 S.W.2d 805 (1984) (holding that allegations of ethical breaches by counsel are properly directed to the Committee, not to the court).
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
J. LEON JOHNSON Attorney General
JLJ:JD/cyh
[1] In offering this conclusion, I am not ignoring A.C.A. § 16-87-105(c)(2) (1987), which your constituent invokes as supporting the proposition that a prosecutor and public defender can never be business partners. Your constituent is apparently unaware of the fact that this statute was repealed by Acts 1999, No. 1564, § 1.
[2] I should note that although the Model Rules are silent on the subject, the Arkansas Supreme Court has clearly stated that attorneys remain obligated to avoid any "appearance of impropriety." Berry v.Saline Memorial Hospital, 322 Ark. 182, 189, 907 S.W.2d 736 (1995);Burnette v. Morgan, 303 Ark. 150, 156, 794 S.W.2d 145 (1990).